UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| TABATHA ROMENZAK, <br><br> Plaintiff, <br><br> v. <br><br> ANDREW M. SAUL, <br> Commissioner of the Social Security <br> Administration, <br><br> Defendant. | CAUSE NO. 3:19-CV-69 DRL |

ORDER AND OPINION

Tabatha Romenzak appeals from the Social Security Commissioner's final judgment denying her disability insurance, widows' insurance, and supplemental security benefits. Ms. Romenzak requests remand of her claim for further consideration. Having reviewed the underlying record and the parties' arguments, the court denies Ms. Romenzak's request for remand (ECF 1) and affirms the Commissioner's decision.

BACKGROUND

Ms. Romenzak suffers from a variety of physical and mental health impairments. Many limitations arose after her 2011 injury, where she fell and injured her back while working as a school custodian. ECF 10 at 395. In the months following her accident, her physicians recommended work restrictions. *Id.* at 412. Her physicians continued to monitor her reported pain and found ongoing mild to severe spinal conditions. *Id.* at 750-56. Due to her ongoing pain, she left her custodian position and has since been unemployed. *Id.* at 34, 678. Furthermore, after the death of her husband in 2013, Ms. Romenzak developed anxiety and became dependent upon Xanax to regulate it. *Id.* at 688.

Ms. Romenzak filed a Title II application for benefits on August 13, 2015, which was denied initially on January 25, 2016, and again upon reconsideration on April 28, 2016. *Id.* at 31. Her claims

1

were heard by an Administrative Law Judge (ALJ) on November 9, 2017. *Id.* In an April 18, 2018 decision, the ALJ denied Ms. Romenzak's petition on the basis that she could not show that she was disabled as defined by the Social Security Act. *Id.* at 32.

The ALJ came to this conclusion relying in part on the testimony of the consultative examiner, Dr. Ryan Oetting. *Id.* at 42. The ALJ found that, while Ms. Romenzak's impairments are "severe, they do not preclude her from completing basic work related activities." *Id.* at 43. The ALJ consequently found that Ms. Romenzak had a residual functional capacity (RFC) to perform light exertional work as defined in 20 C.F.R. 404.1567(b) and 416.967(b) and had the mental capacity to participate in simple, routine and repetitive tasks. *Id.* at 36. While the ALJ found that Ms. Romenzak's RFC prevented her from performing her past relevant work as a custodian, the ALJ found that she can perform a significant number of jobs in the national economy. *Id.* at 43. This decision became final when the Appeals Council denied Ms. Romenzak's request for review. *Id.* at 6.

STANDARD

The court has authority to review the Council's decision under 42 U.S.C. § 405(g); however, review is bound by a strict standard. Because the Council denied review, the court evaluates the ALJ's decision as the Commissioner's final word. *See Schomas v. Colvin*, 732 F.3d 702, 707 (7th Cir. 2013). The ALJ's findings, if supported by substantial evidence, are conclusive and nonreviewable. *See Craft v. Astrue*, 539 F.3d 668, 673 (7th Cir. 2008). Substantial evidence is that evidence which "a reasonable mind might accept as adequate to support a conclusion," *Richardson v. Perales,* 402 U.S. 389, 401 (1971), and may well be less than a preponderance of the evidence, *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007) (citing *Richardson*, 402 U.S. at 401). If the ALJ has relied on reasonable evidence and built an "accurate and logical bridge from the evidence to conclusion," the decision must stand. *Thomas v. Colvin*, 745 F.3d 802, 806 (7th Cir. 2014). Even if "reasonable minds could differ" concerning the

2

ALJ's decision, the court must affirm if the decision has adequate support. *Simila v. Astrue*, 573 F.3d 503, 513 (7th Cir. 2009) (quoting *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008)).

DISCUSSION

When considering a claimant's eligibility for disability benefits, an ALJ must apply the standard five-step analysis: (1) is the claimant currently employed; (2) is the claimant's impairment or combination of impairments severe; (3) do her impairments meet or exceed any of the specific impairments listed that the Secretary acknowledges to be so severe as to be conclusively disabling; (4) if the impairment has not been listed by the Secretary as conclusively disabling, given the claimant's residual function capacity, is the claimant unable to perform her former occupation; (5) is the claimant unable to perform any other work in the national economy given her age, education and work experience. 20 C.F.R. § 404.1520; *Young v. Secretary of Health & Human Servs.,* 957 F.2d 386, 389 (7th Cir. 1992). The claimant bears the burden of proof until step five, where the burden shifts to the Commissioner to prove that the claimant can perform other work in the economy. *See Young*, 957 F.2d. at 389.

Ms. Romenzak appears to challenge the ALJ's conclusions that Ms. Romenzak is not totally disabled and has a residual functional capacity. She argues that the ALJ's misinterpretation of a single sentence prevented the ALJ from establishing a logical bridge when determining the RFC. The key sentence is included in Dr. Oetting's report and states: "[Ms. Romenzak] had adequate communication skills and cognitive ability to be able to work in unskilled labor." ECF 10 at 697-80. The ALJ gave Dr. Oetting's opinion great weight when considering Ms. Romenzak's anxiety and specifically referenced the sentence at issue. *Id.* at 40 ("Based on the examination, [Dr. Oetting] opined that the claimant had adequate communication skills and cognitive ability to work in unskilled labor."). Relying on this examination, the ALJ found Dr. Oetting's report was consistent with the record showing that Ms. Romenzak's anxiety was not severe enough to prevent her from engaging in unskilled labor. *Id.* Ms.

Romenzak argues that Dr. Oetting's statement clearly points to a time before her 2011 injury and does not speak to her present abilities. ECF 16 at 17.

Beyond the text of this statement, Ms. Romenzak points to no additional evidence in the record to support her position. While the verb tense used in Dr. Oetting's sentence is not optimally clear, the court believes that the ALJ reasonably interpreted Dr. Oetting's report as addressing Ms. Romenzak's current communication skills and cognitive abilities.

Even if reasonable minds could differ concerning the statement's meaning, the court finds that the ALJ had adequate support in reaching her conclusion. The sentence was in the section of the report entitled, "Current Level of Functioning." ECF 10 at 697. Dr. Oetting's statement is consistent with his earlier findings that Mr. Romenzak had good eye contact, spoke at a normal rate and volume, and communicated "on task." *Id.* at 678. It is also consistent with the record as a whole, as other examiners and physicians noted Ms. Romenzak's demeanor, communication skills, and cognitive abilities as normal. ECF 10 at 610, 614. When paired with these facts and others in the record, the ALJ had an adequate basis to support her conclusion that Ms. Romenzak is not disabled.

## CONCLUSION

The court finds that the ALJ reasonably interpreted Dr. Oetting's report when determining the RFC. The court is satisfied that the ALJ sufficiently built a logical bridge from the evidence to her conclusion. The court therefore DENIES Ms. Romenzak's request for remand and AFFIRMS the Commissioner's decision.

SO ORDERED.

October 4, 2019                                             *s/ Damon R. Leichty*
                                                            Judge, United States District Court

4